IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES HUFF, et al.           )
                             )
v.                           ) NO. 3-14-1832
                             ) JUDGE CAMPBELL
TELECHECK SERVICES, INC.,    )
et al.                       )

MEMORANDUM

Pending before the Court are Defendants' Partial Motion to Dismiss and Motion to Strike Class Allegations (Docket No. 13). For the reasons stated herein, Defendants' Motions are GRANTED.

FACTS

Plaintiffs brought this lawsuit against Defendants under the Fair Credit Reporting Act ("FCRA"). Plaintiffs allege that, in providing consumer disclosures, Defendants are willfully or negligently violating the FCRA by refusing or failing to provide the information required under the FCRA. Plaintiffs seek declaratory and injunctive relief, statutory damages, punitive damages, attorneys' fees and costs. Plaintiffs also seek to certify this action as a class action.

Defendants have moved to dismiss Plaintiff Bates' claims as time-barred; to dismiss all claims for declaratory or injunctive relief; and to strike all class allegations in the Complaint.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PLAINTIFF BATES

Plaintiffs have conceded that Plaintiff's Bates's claims should be dismissed. Accordingly, all claims of Plaintiff Bates herein are dismissed.

## DECLARATORY AND INJUNCTIVE RELIEF

Defendants, citing this Court's prior opinion in *Holmes v. TeleCheck, Int'l, Inc.*, 556 F.Supp. 2d 819 (M.D. Tenn. 2008), move the Court to dismiss all claims for declaratory or injunctive relief. In *Holmes*, this Court found that injunctive relief is not available to private litigants under the FCRA. *Id*. at 848. Plaintiffs ask the Court to reverse its prior decision.

Nothing in Plaintiffs' arguments on this point persuade the Court to change its prior ruling. Private litigants may not bring claims for injunctive and declaratory relief under the FCRA. The Court does not agree that it erred in following *Washington v. CSC Credit Cervs., Inc.* 199 F.3d 263 (5th Cir. 2000) and ruling that the FRCA does not allow a private right of action for injunctive and declaratory relief.

Accordingly, Plaintiff Huff's claims for injunctive and declaratory relief are dismissed.

## CLASS ALLEGATIONS

Defendants argue that because class certification under Fed. R. Civ. P. 23(b)(2) requires a finding that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole, and injunctive and declaratory relief are not available to private litigants under the FCRA, Plaintiffs' requests for class certification under Rule 23(b)(2) should be stricken.

Plaintiffs contend that there is a private right of action under the FCRA for injunctive and declaratory relief and, therefore, their class allegations should not be stricken.

As explained above, the Court finds that there is no private right of action for injunctive and declaratory relief under the FCRA. Therefore, Defendants' argument is well-taken, and Plaintiffs' class allegations pertaining to Fed. R. Civ. P. 23(b)(2) are dismissed.

Defendants also contend that the class certification allegations under Fed. R. Civ. P. 23(b)(3) should be stricken because, given the proposed class definition, individualized inquiries would be necessary to determine whether each Plaintiff's claim was timely filed. Plaintiffs proposed to represent a class of individuals who requested and received a TeleCheck File Report on or after September 12, 2009, a period of five years prior to the filing of this action.

The FCRA provides that an action to enforce liability under the Act must be brought not later than the earlier of (1) two years after the date of discovery by the plaintiff of the violation that is the basis for liability or (2) five years after the date on which the violation that is the basis for liability occurs. 15 U.S.C. § 1681p. Defendants argue that the proposed class period relies upon the statute of repose, five years, rather than the two-year statute of limitations.

Plaintiffs have agreed to modify the class definition to those individuals who received a TeleCheck File Report on or after September 12, 2012. Accordingly, Defendants' claim with regard to the class period is moot.

## CONCLUSION

Defendants' Motion to Dismiss and Motion to Strike (Docket No. 13) are granted. All claims of Plaintiff Bates are dismissed by agreement. Plaintiff Huff's claims for injunctive and declaratory relief are dismissed. Plaintiffs' class allegations under Fed. R. Civ. P. 23(b)(2) are dismissed, and Plaintiffs' class allegations under Fed. R. Civ. P. 23(b)(3) are limited, by agreement, to those individuals who received a TeleCheck File Report on or after September 12, 2012.

Plaintiffs shall file an Amended Complaint in line with this Order on or before January 23, 2015.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE